UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIE LEE BRYANT, #128787                                                                PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 4:13-cv-172-CWR-LRA

MS. D. SMITH,
WARDEN JERRY BUSCHER,
MR. BILLY GARDNER
and MR. SCOTT MARQUARDT                                                             DEFENDANTS

**MEMORANDUM OPINION**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Bryant, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint [1] pursuant to 42 U.S.C. § 1983 on October 28, 2013. Plaintiff's request to proceed *in forma pauperis* was granted on November 20, 2013. The named Defendants are D. Smith, Warden Jerry Buscher, Billy Gardner and Scott Marquardt. As relief, Plaintiff is seeking monetary damages and injunctive relief. Upon liberal review of the Complaint [1], the Court has reached the following conclusions.

Plaintiff complains that his request for administrative relief was rejected because it was received after the deadline. Compl. [1] at 4. Plaintiff alleges that Defendant Smith falsified the date his prison administrative grievance was received resulting in the rejection of his ARP complaint. *Id*. Because Defendant Smith allegedly falsified the date, Plaintiff contends that he is now required to file the instant civil action which has resulted in him incurring unnecessary expenses. *Id*. at 11. Plaintiff argues that this matter should have been resolved by the Defendants through the prison grievance procedures. *Id*. According to the Complaint [1], Defendants Buscher and Gardner have violated Plaintiff's constitutional rights because they agreed with the rejection of his prison administrative grievance complaint based on a falsified date. *Id*. at 6-8. Finally, Plaintiff contends

that Defendant Marquardt as the President and CEO of Management and Training Corporation "is responsible [for] answering [o]n behalf of the defendants." *Id*. at 10.

## I. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint [1] is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)(citation omitted). As discussed below, Plaintiff's claims that the Defendants have not processed his grievances properly, specifically falsifying the date of the grievance which resulted in his prison administrative grievance being rejected and causing him to file the instant civil action, do not rise to a level of constitutional deprivation.

The Fifth Circuit has clearly stated that a prisoner "does not have a constitutional right to a grievance procedure at all, and he has no due process liberty interest in having his grievances resolved to his satisfaction." *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011)(citing *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)); *see also Cole v. Abbott*, 91 Fed. App'x 936, 937(5th Cir. 2004)(holding no state-created liberty interest in grievance procedure). Additionally, an inmate does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger,* 404 F.3d at 373-74. Finally, the failure of the

Defendants' to follow required grievance procedures does not present a constitutional claim. *See Lizotte v. Leblanc*, 456 Fed. App'x 511, 513 (5th Cir. 2012)(citing *id.*); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Guiden v. Wilson*, 344 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986) (determining that "[a] violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation")).  Because Plaintiff does not have a constitutional right to an effective grievance procedure, he cannot maintain an Eighth Amendment claim against a defendant for failing to adequately respond to his grievance. *See Gibbs v. Wetzel*, No. 3:12-cv-1751, 2013 WL 595906, *3 (M.D. Penn. Jan. 23, 2013)(finding a prisoner "could not sustain Eighth Amendment claims against prison supervisors based solely upon the suggestion that officials failed to adequately investigate or respond to his past grievances").

At best, Plaintiff could arguably assert a claim that the Defendants' failure to follow the prison grievance procedure interfered with his right to access to the court.  In order to establish a claim that he was denied the right to access to the Court, Plaintiff is required to demonstrate "relevant actual injury" resulting from the Defendants' conduct. *See Sandoval v. Johns*, 264 F.3d 1142, 2011 WL 822779, *1 (5th Cir. 2001)(citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)).  Plaintiff does not allege that he was denied access to the Court as a result of the claims asserted.  Because Plaintiff does not establish that interference with his prison grievance process denied him access to the Court, he has not shown a violation of his constitutional right.  As such, Plaintiff's claims are without merit and will be dismissed as frivolous.

Moreover, there are no facts asserted in the Complaint [1] that Defendant Marquardt affirmatively participated in the acts complained of in this case. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).  According to the allegations of the Complaint [1], Plaintiff is pursuing this action against Defendant Marquardt because he is the President and CEO of the

company that employs the Defendants and that Defendant Marquardt is responsible for the other Defendants' actions. Because the complaint is brought pursuant to 42 U.S.C. § 1983, Defendant Marquardt cannot be held liable for the actions of an employee under a respondeat superior theory of liability. *See Monell v. Dep't of Social Serv.*, 436 U.S. 658, 691-95 (1978). Consequently, Plaintiff is unable to maintain this action against Defendant Marquardt.

**II. Conclusion**

As explained above, Plaintiff does not present claims that support the instant § 1983 civil action. Therefore, this case is dismissed as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice. *See Geiger*, 404 F.3d at 373-74(affirming the district court's dismissal of plaintiff's claim as frivolous that he was denied due process concerning a grievance procedure); *see also Thompson v. Patteson*, 985 F.2d 202, 205 (5th Cir. 1993)(holding that an action is frivolous if "it lacks an arguable basis in law or fact").

This case will be counted as a "strike" because it is dismissed pursuant to the above-mentioned provisions of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(g). If Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 22nd day of November, 2013.

                                            s/Carlton W. Reeves
                                            UNITED STATES DISTRICT JUDGE